# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOSS, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01356-LJO-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS AND TO SEVER CERTAIN CLAIMS<br><br>(ECF No. 16)<br><br>ORDER DIRECTING CLERK OF COURT TO OPEN THREE (3) NEW ACTIONS<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT FILING FEE OR APPLICATION TO PROCEED *IN FORMA PAUPERIS* AS TO EACH NEW ACTION<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 23, 2018, the assigned Magistrate Judge issued findings and recommendations recommending that: (1) this action proceed on Plaintiff's first amended complaint only as to the excessive force claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A.

1

Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013; (2) the Court sever the misjoined claims, into three separate cases and such cases be opened, for excessive force for the incidents of: September 9, 2013 against Defendant D. Knowlton; November 15, 2013 against Defendants E. Weiss, O. Hurtado, and F. Zavleta; and February 6, 2014 against Defendants D. Gibbs and D. Hardy; (3) Plaintiff's improperly joined claims of February 4, 2015, February 25, 2015, and September 2, 2015 be dismissed without prejudice to re-filing; and (4) the remaining claims and defendants be dismissed for failure to state a cognizable claim. (ECF No. 16.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 19.) Plaintiff timely filed objections on June 15, 2018. (ECF No. 17).

In his objections, Plaintiff argues that all of his claims should be allowed to proceed in one action due to a vast, overarching conspiracy by officers at multiple institutions to retaliate against him for exercising his right to file grievances and law suits. Plaintiff further contends that, if the Court finds that he has failed to sufficiently allege the existence of such conspiracy, that he be permitted to file a second amended complaint in this action.

None of Plaintiff's objections provide a legal basis on which to question the Magistrate Judge's findings and recommendations. As Plaintiff has been informed, he must set forth sufficient factual allegations demonstrating that the defendants each shared the common objective of a conspiracy, and may not merely set forth conclusory allegations that a vast conspiracy exists. Plaintiff was provided with the relevant legal standards and an opportunity to amend, but has been unable to cure the identified deficiencies in his first two complaints. Further leave to amend is not warranted. Plaintiff's remaining arguments are unpersuasive.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case and carefully reviewed the entire file, including Plaintiff's objections. The Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and by proper analysis.

///

///

2

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on May 23, 2018, (ECF No. 16), are adopted in full;
2. This action shall proceed on Plaintiff's first amended complaint, filed July 14, 2017, (ECF No. 12), only as to the claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, at Kern Valley State Prison, for excessive force in violation of the Eighth Amendment for the incident on March 13, 2013;
3. Pursuant to Federal Rule of Civil Procedure 21, the Court severs the misjoined claims into three separate cases;
4. The Clerk of the Court is directed to assign separate case numbers to each of the following claims:
   a. Excessive force for the incident of September 9, 2013, against Defendant D. Knowlton, of California Correctional Institution ("CCI") at Tehachapi;
   b. Excessive force for the incident of November 15, 2013, against Defendants E. Weiss, O. Hurtado, and F. Zavleta, of CCI at Tehachapi; and
   c. Excessive force for the incident of February 6, 2014, against Defendants D. Gibbs and D. Hardy, of CCI at Tehachapi;
5. The Clerk of the Court is directed to issue and serve by mail new case documents to Plaintiff indicating each of the newly assigned case numbers;
6. The Clerk of the Court is directed to file a copy of Plaintiff's First Amended Complaint, (ECF No. 12), and a copy of this order in each newly opened case and shall directly assign each of the three new cases to the same District Judge and Magistrate Judge as in case 1:16-cv-01356-LJO-BAM (PC);
7. As to **each** new case number, within **thirty (30) days** from the date of service of this order, Plaintiff will be required to file a $400.00 filing fee or file a motion for leave to proceed *in forma pauperis*;
8. Plaintiff's excessive force claims arising from incidents of February 4, 2015; February 25, 2015; and September 2, 2015 are dismissed without prejudice because Plaintiff is not

time-barred from alleging these claims in a new action;

   a. **Plaintiff should not delay in filing new cases regarding these incidents**;

9. All other defendants and claims, including for sexual assault in violation of the Eighth Amendment, deliberate medical indifference in violation of the Eighth Amendment, retaliation in violation of the First Amendment, violation of Due Process (including false RVRs, investigative employee, placement in an involuntary mental health program), denial of access to court, conspiracy, and confiscation of property, are dismissed, with prejudice, for failure to state a cognizable claim; and

10. This action is referred back to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **June 18, 2018**              /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE