# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>GIBBS, *et al.*,<br><br>        Defendants. | Case No. 1:18-cv-00854-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br>(ECF No. 25)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 27)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.**    **Procedural History**

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 23, 2018, the undersigned issued findings and recommendations in Smith v. Chanelo ("Smith I"), Case No. 1:16-cv-01356-LJO-BAM (PC), recommending that: (1) the action proceed on Plaintiff's first amended complaint only as to the excessive force claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013; (2) the Court sever the misjoined claims, into three separate cases and such cases be opened, for excessive force for the incidents of: September 9, 2013 against Defendant D. Knowlton; November 15, 2013 against Defendants E. Weiss, O. Hurtado, and F.

| | |
|---|---|
| 1 | Zavleta; and February 6, 2014 against Defendants D. Gibbs and D. Hardy; (3) Plaintiff's |
| 2 | improperly joined claims of February 4, 2015, February 25, 2015, and September 2, 2015 be |
| 3 | dismissed without prejudice to re-filing; and (4) the remaining claims and defendants be |
| 4 | dismissed for failure to state a cognizable claim. Smith I, ECF No. 16. The Court adopted the |
| 5 | findings and recommendations in full on June 20, 2018, and the misjoined claims were opened as |
| 6 | separate actions. (ECF No. 2.) Accordingly, the instant action was opened as Smith v. Gibbs, |
| 7 | Case No. 1:18-cv-00854-LJO-BAM (PC), and proceeds against Defendants D. Gibbs and D. |
| 8 | Hardy for the excessive force incident of February 6, 2014. |
| 9 | On July 12, 2019, a settlement conference was held before Magistrate Judge Stanley A. |
| 10 | Boone, where the parties attempted to resolve the instant action as well as several other pending |
| 11 | actions brought by Plaintiff. The case did not settle. (ECF No. 18.) |
| 12 | On July 18, 2019, Defendant Hardy filed an answer to the complaint. (ECF No. 19.) On |
| 13 | August 26, 2019, following service of the complaint on Defendant Gibbs, Defendants Hardy and |
| 14 | Gibbs filed an answer to the complaint. (ECF No. 22.) The Court issued a discovery and |
| 15 | scheduling order on August 30, 2019. (ECF No. 23.) Defendants filed a motion for summary |
| 16 | judgment on September 4, 2019. (ECF No. 24.) |
| 17 | Currently before the Court are Plaintiff's motion to amend the complaint, a lodged first |
| 18 | amended complaint, and Plaintiff's motion for continuance in these proceedings, filed September |
| 19 | 20, 2019. (ECF Nos. 25, 26, 27.) Defendants have not yet had the opportunity to file responses |
| 20 | to Plaintiff's motions, but the Court finds responses are unnecessary. The motions are deemed |
| 21 | submitted. Local Rule 230(l). |
| 22 | **II.    Motion to Amend** |
| 23 | In his motion to amend the complaint, Plaintiff argues that his complaint is deficient in |
| 24 | pleading facts sufficient for him to convey the full panoply of claims he is presently pursuing |
| 25 | against the Defendants. Plaintiff further seeks to amend the complaint to join additional parties |
| 26 | allegedly involved in Defendants' conduct of February 6, 2014. Plaintiff contends that there will |
| 27 | be no prejudice to Defendants in permitting him to file an amended complaint, as discovery was |
| 28 | only opened on August 30, 2019. Further, although Defendants have filed a motion for summary |

judgment, Plaintiff argues that his amended complaint will cure the defects alleged in the motion for summary judgment. (ECF No. 25.)

**A.  Legal Standard**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id. These factors do not carry equal weight. Prejudice is the most important factor to consider. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

**B.  Discussion**

As noted above, the complaint in this action was originally filed in Smith I, Case No. 1:16-cv-01356-LJO-BAM (PC), on July 14, 2017. Smith I, ECF No. 12. The complaint originally named over 42 individuals as defendants, and dealt with incidents spanning many years. After Plaintiff's failure to properly join claims and defendants pursuant to Federal Rules of Civil Procedure 18 and 20, the Court found it appropriate to sever certain cognizable claims and to dismiss other misjoined claims. (ECF No. 2.) Thereafter, Plaintiff attempted on multiple occasions to have the claims and defendants rejoined, through motions for relief from judgment, motions to amend, and motions for reconsideration. Smith I, ECF Nos. 20, 22, 24. All of these requests and proposed amended and supplemental complaints were denied, as the Court found no support for the existence of a conspiracy among the numerous defendants, and therefore no grounds that would warrant reconsideration of the earlier decision to sever Smith I and dismiss the otherwise unrelated claims. Id., ECF No. 27.

The instant motion to amend is another attempt by Plaintiff to reintroduce defendants and claims that were already dismissed as improperly joined. The lodged first amended complaint

3

names at least twenty additional defendants, and yet upon review of the allegations therein, the Court again finds no support for the existence of a vast conspiracy against Plaintiff. Given Plaintiff's repeated attempts to improperly join defendants and claims in a single action, and the Court's repeated orders to the contrary, the Court finds that the instant motion to amend is brought in bad faith. Plaintiff was given multiple opportunities prior to the severance of these claims, to set forth allegations and arguments as to why these claims and defendants should be joined, and the Court has consistently found Plaintiff's contentions lacking.

Moreover, the Court finds that prejudice to the Defendants warrants the denial of Plaintiff's motion. The filing of an amended complaint at this juncture would cause undue delay, given the filing of Defendants' motion for summary judgment. Plaintiff's argument that an amended complaint would resolve the issues raised by the motion for summary judgment is unavailing. The motion for summary judgment was filed on the grounds that Plaintiff failed to exhaust his administrative remedies for his excessive force claims against Defendants. Plaintiff is not required to plead any facts related to exhaustion in the complaint, and the filing of a motion for summary judgment requires the filing of an opposition which sets out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. Plaintiff may not simply rely on the allegations set forth in his complaint. Rand v. Rowland, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc).

### III. Motion for Continuance

In his motion for continuance of these proceedings, Plaintiff argues that he requires additional time to respond to Defendants' motion for summary judgment because he must conduct additional legal research and discovery. He therefore requests an extension of forty-five days to file his opposition. (ECF No. 27.) The Court construes the motion as a request for an extension of time to file an opposition to the pending motion for summary judgment. Having considered the request, and good cause appearing, Plaintiff's motion for extension of time will be granted, in part. The Court finds that an extension of thirty days, rather than forty-five, is appropriate under the circumstances.

**IV. Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to amend the complaint, (ECF No. 25), is DENIED;
2. Plaintiff's motion for continuance, (ECF No. 27), is GRANTED IN PART; and
3. Plaintiff's opposition to Defendants' motion for summary judgment is due within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated: **September 25, 2019**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE