# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GIBBS, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:18-cv-00854-NONE-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 38) |

　　　　Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Gibbs and Handy[1] for the alleged excessive force incident of February 6, 2014.

　　　　The Court issued a Discovery and Scheduling Order on August 30, 2019.  (ECF No. 23.) Pursuant to that order, the deadline for completion of all discovery was set for April 29, 2020, and the deadline for filing dispositive motions is July 9, 2020.  (Id.)

　　　　On September 4, 2019, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies.  (ECF No. 24.)  Plaintiff filed his opposition on October 15, 2019, (ECF No. 30), and Defendants filed a reply on October 21, 2019, (ECF No. 31).  That motion is pending.

　　　　On December 16, 2019, Defendants filed a motion for protective order seeking relief from their obligation to respond to Plaintiff's November 20, 2019 discovery requests until forty-five

---

[1] Erroneously sued as Defendant "Hardy."

days following the Court's ruling on the pending motion for summary judgment, if the ruling did not resolve this action in its entirety. (ECF No. 32.) Based on Plaintiff's statement of non-opposition, (ECF No. 33), and the possibility that a ruling on the pending summary judgment motion might resolve the case in its entirety, the Court found it appropriate to grant a stay of discovery with respect to Defendants' responses to Plaintiff's November 20, 2019, discovery requests. (ECF No. 34.)

Currently before the Court is Defendants' motion to modify the discovery and scheduling order to reset the discovery deadline and the deadline for filing a dispositive motion for summary judgment. (ECF No. 38.) Defendants argue that it is unlikely the Court will rule on the pending exhaustion-based summary judgment motion before the expiration of the current discovery and dispositive motion deadlines. If the Court grants the pending motion, Defendants argue they will not be required to take Plaintiff's deposition or file a substantive motion for summary judgment in this action, and therefore good cause exists to vacate and reset the deadlines for discovery and filing dispositive motions until after the Court rules on Defendants' exhaustion-based summary judgment motion. (Id.) Although Plaintiff has not had an opportunity to respond to Defendants' motion, the Court finds a response unnecessary. Local Rule 230(l).

Having considered the request, the Court finds good cause to vacate the current discovery and non-exhaustion dispositive motion deadlines. Fed. R. Civ. P. 16(b)(4).

Accordingly, the discovery and non-exhaustion dispositive motion deadlines set forth in the August 30, 2019 Discovery and Scheduling Order are HEREBY VACATED. Once Defendants' motion for summary judgment on exhaustion grounds has been resolved, the Court will issue an amended discovery and scheduling order for the continuation of discovery and filing of dispositive motions.

IT IS SO ORDERED.

Dated: **April 20, 2020**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE