# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GIBBS, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00854-NONE-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 24)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

**I.　Background**

　　Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Gibbs and Handy[1] for the alleged excessive force incident of February 6, 2014.

　　On September 4, 2019, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies for his excessive force claim against Defendants as required by the Prisoner Litigation Reform Act.[2]  Fed. R. Civ. P. 56(c), Albino v.

---

[1] Erroneously sued as "Hardy."

[2] Concurrent with the filing of this motion, Plaintiff was provided with notice of the requirements for opposing a

1

Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 403 (2014).  (ECF No. 24.)  On October 15, 2019, Plaintiff filed a "Concise Statement of Disputed Facts Regarding Defendants' Motion for Summary Judgment," which the Court construes as his opposition to the motion for summary judgment.  (ECF No. 30.)  Defendants filed a reply on October 21, 2019.  (ECF No. 31.)

The motion for summary judgment is deemed submitted.  Local Rule 230(l).

## II. Legal Standards

### A. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones v. Bock, 549 U.S. 199, 216 (2007); Albino, 747 F.3d at 1166.  "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  Id.

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy.  Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino, 747 F.3d at 1172) (quotation marks omitted).  The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available

---

motion for summary judgment.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 23-1.)

administrative remedies effectively unavailable to him.  Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted).  The ultimate burden of proof on the issue of exhaustion remains with Defendants.  Id. (quotation marks omitted).

### B.    Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.  If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  Id. at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  Id.

///

///

### III. Discussion

#### A. Summary of CDCR's Administrative Review Process

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." Id. at § 3084.1(a).

The process is initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. Id. at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue. Id. at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. Id.

Three levels of review are involved—a first level review, a second level review and a third level review. Id. at §§ 3084.5(c)–(e), 3084.7. Bypassing a level of review may result in rejection of the appeal. Id. at § 3084.6(b)(15). Under the PLRA, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. See Barry v. Ratelle, 985 F.Supp. 1235, 1237–38 (S.D. Cal. 1997).

#### B. Summary of Relevant Allegations in First Amended Complaint[3]

Plaintiff is currently housed at California State Prison, Corcoran in Corcoran, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff names the following defendants Correctional Officer D. Handy and Correctional Officer D. Gibbs.

Plaintiff alleges that on February 6, 2014, Defendants Gibbs and Handy removed Plaintiff from his assigned cell for a ruse of a cell search and Plaintiff was hit, kicked, and punched with a baton while Plaintiff was on the ground.

---

[3] The claims in this action were misjoined with and therefore severed from Smith v. Chanelo, Case No. 1:16-cv-01356-NONE-BAM (PC) on June 20, 2018. (ECF No. 2.) The Court summarizes here only those allegations from the first amended complaint that are relevant to the claims in the instant action.

**C.     Undisputed Material Facts (UMF)**[4]

1. Between, February 6, 2014, and September 14, 2016 (the relevant period), Plaintiff was a prisoner within the custody of the California Department of Corrections and Rehabilitation ("CDCR").  (Amended Complaint, ECF No. 1.)

2. During the relevant period, Plaintiff was incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California.  (Id.)

3. During the relevant period, Defendants Handy and Gibs were employed by CDCR at CCI.  (Id.)

4. During the relevant period, Plaintiff received Third Level decisions on three non-health care appeals that he submitted for administrative review.  (Spaich Decl. ¶¶ 7–9, Exs. 2–4.)

5. Of those exhausted appeals, only one, log number CCI-14-00985, is related to Plaintiff's allegations against Defendants.  In that appeal, Plaintiff challenged CDCR's administrative disciplinary decision to convict him of battering Defendants on February 6, 2014.  (Id. ¶ 9, Ex. 2.)

6. Plaintiff also submitted nine additional non-health care appeals that were screened-out, rejected, and/or cancelled at the Third-Level during the relevant period.  (Id. ¶ 10, Exs. 1, 5–9.)

7. However, only five of Plaintiff's screened-out, rejected, and/or cancelled appeals could be located because the Office of Appeals ("OOA") did not start retaining copies of screen-out letters until after September 2014.  (Id. ¶ 10, Ex. 1.)

8. None of those five screened-out, rejected, and/or cancelled appeals included Plaintiff's allegations in his complaint and/or any allegations against Defendants.  (Id. ¶ 10, Exs. 1, 5–9.)

---

[4] ECF No. 24-3. Although his opposition is titled "Concise Statement of Disputed Facts Regarding Defendants' Motion for Summary Judgment," Plaintiff did not provide a separate statement of disputed or undisputed facts in his opposition. Local Rule 260(a). As a result, Defendants' Statement of Undisputed Facts in support of their motion for summary judgment is accepted except where brought into dispute by Plaintiff's verified First Amended Complaint or declaration in support of his opposition. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence); Johnson v. Meltzer, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (same, with respect to verified motions). Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

9. The other four non-health care appeals were screened-out properly at the Third Level during the relevant period because Plaintiff impermissibly tried to bypass institutional level review for his appeals. (Id. ¶ 11, Ex. 1.)

10. During the relevant period, Plaintiff submitted a total of eight non-health care appeals that were accepted and adjudicated at the first and/or second level of review by the Office of Appeals at CCI. (Hosey Decl. ¶ 8, Exs. 1–9.)

11. Of those eight non-health care appeals, only one, log number CCI-14-00985, is related to Plaintiff's allegations against Defendant Handy in this action. In that appeal, Plaintiff challenged CDCR's administrative disciplinary decision to convict him of battering Defendant Handy on February 6, 2014. (Id. ¶ 9, Ex. 3 (requesting that the finding of guilt for battery on policy officer for incident on February 6, 2014 be overturned.)

12. However, Plaintiff did not submit an appeal raising the excessive force allegations in his complaint or any allegations against Defendants during the relevant period. (Id. ¶ 10, Exs. 1–9.)

13. Plaintiff also submitted three non-health care appeals that were screened-out and/or cancelled at the First Level at CCI during the relevant period. (Id. ¶ 11, Exs. 10–12.)

14. None of those three screened-out, rejected, and/or cancelled appeals included Plaintiff's allegations in his complaint and/or any allegations against Defendants. (Id. ¶ 11, Exs. 10–12.)

**D.    Discussion**

1.    Parties' Positions

Defendants argue that it is undisputed that the administrative appeal procedure at CCI was available to Plaintiff because he properly submitted and exhausted three appeals originating from CCI during the relevant period. However, the only appeal relevant to the instant action that Plaintiff submitted and exhausted during the relevant period was log number CCI-14-00985, a challenge of Plaintiff's administrative disciplinary conviction for Battery on a Peace Officer Resulting in the Use of Force on February 6, 2014. As Plaintiff failed to submit a separate appeal alleging that Defendants Handy and Gibbs used excessive force against Plaintiff on February 6,

1  2014, CDCR did not have the opportunity to address the merits of Plaintiff's excessive force
2  claim, and therefore Defendants argue it is undisputed that Plaintiff failed to exhaust his
3  administrative remedies.

4  Plaintiff argues in opposition that the appeal he submitted addressed several issues,
5  including: Defendants Gibbs and Handy's use of illegal force against Plaintiff under the ruse of a
6  purported cell search, the Investigative Employee Correctional Officer E. Fleenor's refusal to
7  gather evidence, and the Senior Hearing Officer Correctional Lieutenant B. L. Parriot refusing to
8  allow Plaintiff to present witnesses at the hearing or question the reporting employees.  Plaintiff
9  states that the action he requested in his appeal was for the finding of guilt to be overturned with
10 an official inquiry to be opened by the Investigative Service Unit concerning correctional
11 officers' actions.  Plaintiff argues that his appeal provided more than sufficient notice of his
12 allegations of utilization of excessive force by Defendants because the contention is inferred
13 within the appeal itself where he alleges that Defendants filed a false Crime/Incident Report
14 against him for the allegation of committing a battery against Defendant Gibbs.

15 In reply, Defendants argue that Plaintiff's appeal explicitly challenged the validity of his
16 RVR conviction for battery on Defendants, but he was required to submit a separate inmate
17 appeal, or staff complaint, against Defendants to exhaust administrative remedies on the
18 excessive force allegations in the complaint.  Further, Plaintiff's argument that he put prison
19 officials "on notice" of his excessive force claim is without merit because CDCR specifically
20 enforced a procedural bar to the excessive force allegations tacked on to the disciplinary appeal,
21 declining to address any new issues or requests added to Plaintiff's RVR and therefore did not
22 "fully consider" that claim on the merits.

23           2.     <u>Analysis</u>

24 It is undisputed that Plaintiff submitted and fully exhausted only one appeal germane to
25 the events at issue in this action, log number CCI-14-00985.  (UMF 5.)  Despite Plaintiff's
26 arguments to the contrary, upon review of the submitted grievance, it is apparent that Plaintiff's
27 appeal is directed towards overturning the disciplinary conviction, rather than any underlying
28 claim regarding excessive force.  On the appeal itself, Plaintiff states that the subject of the appeal

7

is "Finding of Guilt for 15 CCR § 3005(d)(1) Battery on a P/O, and the explanation of the issue focuses on Plaintiff's contention that the RVR was false, he never assaulted any officers, and the finding of guilt should be overturned. (ECF No. 24-4, pp. 11, 13.) The action Plaintiff requested was that the "ruling of guilt should be overturned with an official query into the acts of Correctional Officials be carried out by ISU investigators." (Id.)

While Plaintiff contends that his request for an official inquiry into the actions of correctional officers supports his argument that CDCR was put on notice of his excessive force claims, the Court is unpersuaded. The appeal is solely a challenge to Plaintiff's disciplinary conviction, wherein Plaintiff argues that he was deprived of various due process rights due to a falsely authored RVR and biased Investigative Employee. In this context, Plaintiff's request for an inquiry could easily be construed as request to investigate the actions of the Investigative Employee, the Hearing Officer, or the Correctional Officer who allegedly falsified the RVR. It is not apparent that it should have been interpreted to mean an inquiry into the underlying application of force.

Plaintiff's challenge to his disciplinary conviction, without more, was not sufficient to place CDCR on notice that he wished to raise a claim regarding the use of force underlying the disciplinary hearing. See Turner v. Admin. Sec. Personell, Case No. 1:16-cv-01643-DAD-SAB (PC), 2017 WL 4387326, *10 (E.D. Cal. Oct. 3, 2017) ("This grievance does mention [Defendant], but it relates to a disciplinary violation regarding the underlying excessive force incident, not the actual use of force itself."); c.f. Fuqua v. Ryan, 890 F.3d 838, 850 (9th Cir. 2018) (Christian inmate subjected to discipline after refusing to work on religious holiday exhausted administrative remedies with respect to religious accommodation claim where inmate raised religious tenets as affirmative defense to disciplinary charge that he refused to work, and prison's policy stated that disciplinary appeal, rather than grievance, was only method for challenging disciplinary convictions).

Further, after Plaintiff received the Second Level response to his appeal, wherein Plaintiff was apparently provided with instructions for filing a staff complaint, Plaintiff responded that his appeal "was not an staff complaint as alleged on submitted CDC form 695 (attached) dated May

08, 2014 but an request to have CDCR officials (Warden) compel the I.E. to properly do his job or assign an I.E. that would[.]" (ECF No. 24-4, p. 14.)  Thus, Plaintiff submitted log number CCI-14-00985 with the primary goal of challenging his disciplinary conviction and was not intended to be a staff complaint against particular officers for the application of force.  Plaintiff was provided with instructions for filing a staff complaint, declined to do so, and explicitly disavowed that he intended to include a staff complaint in log number CCI-14-00985.

For these reasons, the Court finds that Plaintiff has not exhausted his administrative remedies with regard to his claims against Defendants and that he should not be excused from the failure to exhaust.

## IV.   Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust, (ECF No. 24), be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 5, 2021**              /s/ *Barbara A. McAuliffe*              
                                                              UNITED STATES MAGISTRATE JUDGE