1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAWRENCE CHRISTOPHER SMITH,          No.  1:18-cv-00854-NONE-BAM (PC)

12                Plaintiff,              ORDER ADOPTING FINDINGS AND
                                         RECOMMENDATIONS REGARDING
13          v.                           DEFENDANTS' MOTION FOR SUMMARY
                                         JUDGMENT FOR FAILURE TO EXHAUST
14   GIBBS, *et al.*,                    ADMINISTRATIVE REMEDIES

15                Defendants.            (Doc. Nos. 24, 43)

16

17          Plaintiff Lawrence Christopher Smith is a state prisoner proceeding *pro se* and *in forma*

18   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against

19   defendants Gibbs and Handy[1] for an alleged excessive use of force incident occurring on

20   February 6, 2014.  This matter was referred to a United States Magistrate Judge pursuant to 28

21   U.S.C. § 636(b)(1)(B) and Local Rule 302.

22          On January 5, 2021, the assigned magistrate judge issued findings and recommendations

23   recommending that defendants' motion for summary judgment based on plaintiff's failure to

24   exhaust his available administrative remedies prior to filing suit be granted.  (Doc. No. 43.)  The

25   findings and recommendations were served on the parties and contained notice that any

26   objections were to be filed within fourteen (14) days after service.  (*Id.* at 9.)  Plaintiff filed

27   _____

28   [1] Erroneously sued as "Hardy."

                                              1

1   objections on January 28, 2021.  (Doc. No. 44.)  No other objections have been filed, and the

2   deadline to do so has expired.

3          In his objections, plaintiff for the first time raises the argument that his inmate grievances

4   should be considered fully exhausted because he submitted an "informal" inmate grievance

5   directly to the Warden concerning the defendants' alleged actions surrounding the events of

6   February 6, 2014.  (*See* Doc. No. 44.)  Plaintiff argues that an informal inmate grievance, if in

7   fact reviewed at the highest levels of the agency, satisfies the administrative exhaustion

8   requirement.  (*Id*. at 4–8.)  However, plaintiff cites only to cases outside of the Ninth Circuit in

9   support of that proposition, and the court finds that those decisions are limited to the particular

10  circumstances presented in those cases.  (*Id*. at 4.)  The court is unaware of any authority in this

11  circuit, or under California law, providing for a similar informal inmate grievance process, and

12  plaintiff has identified none.

13         Even assuming that such a process exists, plaintiff has provided no evidence and cites

14  nothing in the record to support the assertion that he in fact submitted such a letter to the Warden,

15  that the letter addressed the excessive use of force allegations raised in this action, or that a

16  response was received indicating that the concerns raised were addressed on the merits at the

17  highest levels of the agency.  Finally, plaintiff did not raise this argument in his complaint or

18  opposition to defendants' motion for summary judgment, and the court declines to find that such

19  a letter existed based solely on plaintiff's self-serving declaration submitted at this late stage in

20  the case.

21         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

22  *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's

23  objections, the court finds the findings and recommendations to be supported by the record and

24  by proper analysis.

25  /////

26  /////

27  /////

28  /////

Accordingly,

1. The findings and recommendations issued on January 5, 2021, (Doc. No. 43), are adopted in full;

2. Defendants' motion for summary judgment due to plaintiff's failure to exhaust administrative remedies prior to filing suit, (Doc. No. 24), is granted;

3. This action is dismissed, without prejudice, sue to plaintiff's failure to exhaust available administrative remedies prior to filing suit; and

4. The Clerk of the Court is directed to close this case and terminate all pending motions.

IT IS SO ORDERED.

Dated:   **March 29, 2021**

_____
UNITED STATES DISTRICT JUDGE