UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>GIBBS, *et al.*,<br><br>Defendants. | No. 1:18-cv-00854-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)<br><br>(Doc. No. 47) |

Plaintiff Lawrence Christopher Smith is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 29, 2021, the court adopted the magistrate judge's findings and recommendations in full, granted defendants' motion for summary judgment, and dismissed this action, without prejudice, due to plaintiff's failure to exhaust his available administrative remedies prior to filing suit. (Doc. No. 45.) Judgment was entered accordingly the same date and the action was closed. (Doc. No. 46.)

On April 26, 2021, plaintiff filed the instant motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 47.) Plaintiff requests that the court vacate the judgment and allow him to file an amended complaint pursuant to Federal Rule of Civil Procedure 15 so he can pursue additional claims against defendants and also include additional defendants to this action. (*Id.*)

1

Defendants filed an opposition on May 3, 2021.  (Doc. No. 48.)  Plaintiff filed a reply dated May 9, 2021, on May 13, 2021.  (Doc. No. 49.)  The motion is deemed submitted.  Local Rule 230(l).

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.  *See* Fed. R. Civ. P. 59(e).  Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

It is clear from plaintiff's motion that he is seeking an opportunity to amend his complaint, rather than reconsideration of the court's order.  Plaintiff does not identify any change in controlling law, new evidence, or need to correct clear error or manifest injustice, nor does plaintiff explain how amending his complaint to add new claims will resolve his failure to exhaust administrative remedies.  The court finds no grounds to reconsider its final order and judgment dismissing this action due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as is required.  If plaintiff has now exhausted his administrative remedies with respect to his claims, he may file a new action with this court and name any defendants against whom he now wishes to proceed.

For these reasons, plaintiff's motion to alter or amend the judgment, (Doc. No. 47), is denied.  This action remains closed.

IT IS SO ORDERED.

Dated: **May 28, 2021**

UNITED STATES DISTRICT JUDGE